JOSEPH DUBONOWSKI, PLAINTIFF-APPELLANT, v. HOWARD SAVINGS INSTITUTION, DEFENDANT-RESPONDENT.

Submitted May 2, 1939—Decided June 29, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff-appellant, *David Roskein* and *John A. Laird*.

For the defendant-respondent, *Reginald V. Spell* and *Wilbur A. Stevens*.

The opinion of the court was delivered by

DONGES, J. Plaintiff-appellant brought suit in the Essex County Circuit Court on two counts for injuries alleged to have been received by tripping over a protruding nail in one of the steps of the stairs leading from his apartment on the second floor to the first floor of a two-family house in which he lived, and falling down the stairs. The first count alleged that plaintiff, on October 26th, 1935, was a tenant occupying the second floor and as such had the use in common with other tenants of the stairway; that defendant retained control of the stairway for the common use of tenants and assumed and undertook to keep the stairs reasonably safe for the use of plaintiff and other tenants; that it failed to perform its duty and permitted the stairway to become out of repair, &c. The second count repeats the allegations that defendant was in control of the passageways, stairs and steps; and alleges that defendant installed an electric light in the hallway to light the hallways and stairway; that it failed, on the occasion complained of, to have the light burning;

that it negligently permitted it to become out of repair, in consequence of which plaintiff was unable to discern the dangerous condition of the stairway, and met his injuries.

There was proof that the stairway was out of repair in that the steps were not tight and that nails worked up; that the plaintiff and his son frequently hammered such nails down; and that, in the darkness, plaintiff tripped over a nail in the third or fourth step from the top of the stairway. It was also testified that there was an electric light on the second floor, but plaintiff said the chain was too short; that, after the accident, his son put on a longer chain.

Both counts of the complaint were based upon a duty on the landlord to maintain the stairway and light on the theory of control of the stairway and passageway by the landlord, for the joint use of the premises by plaintiff and other tenants. But the case is barren of any evidence that there was such reservation and control on the part of the landlord. On the contrary, it appears that the plaintiff and his family occupied the entire second floor and that the stairway in question, the hallway and the entire second floor were used only by them and were in the exclusive control of plaintiff. The plaintiff endeavored to introduce testimony of a promise to repair and failure on the part of the landlord to do so, but the trial judge properly rejected it. It clearly was not within the pleadings, and its rejection is not alleged as error. The appellant rests upon the theory that the landlord retained both the right of re-entry and control of the stairs.

The only ground of appeal is that the trial court erred in directing a judgment of nonsuit. In the absence of proof of control by the landlord of the part of the premises in question, there was no duty on the part of the landlord to repair. *Rosenberg* v. *Krinick*, 116 *N. J. L.* 597, and cases cited. Nor is there an implied promise that the premises are or shall be fit and suitable for the use of tenants. *Siggins* v. *McGill*, 72 *Id.* 263; *Reilly* v. *Feldman*, 103 *Id.* 517.

The trial judge properly found that the parts of the premises involved were entirely in the control of plaintiff and that the first count failed; that there was no proof that the light was maintained by the defendant or that he furnished the

electricity to light it, but that the proof was to the contrary. He properly granted the motion for nonsuit on the proofs.

In view of the conclusion reached as to defendant's negligence, it is not necessary to deal with defendant-respondent's claim that the plaintiff was guilty of contributory negligence.

The judgment under review is affirmed, with costs.